**KOLLER LAW LLC**
David M. Koller, Esq. (90119)
Sarah R. Lavelle, Esq. (93383)                                    *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com
slavelle@kollerlawfirm.com

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **STEPHEN JONES**<br>**968 Ashland Avenue**<br>**Eddystone, PA 19022**<br>       *Plaintiff,* | : <br> : <br> : <br> : <br> : | Civil Action No. |
| v. | : <br> : <br> : | Complaint and Jury Demand |
| **PENCOYD IRON WORKS, INC.**<br>**4 School Lane**<br>**Folcroft, PA 19032**<br>       *Defendant.* | : <br> : <br> : <br> : | |

### CIVIL ACTION

Plaintiff, Stephen Jones (hereinafter "Plaintiff"), by and through his attorney, Koller Law, LLC, bring this civil matter against Pencoyd Iron Works, Inc. (hereinafter "Defendant"), for violations of the Age Discrimination in Employment Act ("ADEA"), the Americans with Disabilities Act of 1990, as amended, and the Pennsylvania Human Relations Act ("PHRA"). In support thereof, Plaintiff avers as follows:

### THE PARTIES

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

2. Plaintiff is an adult individual residing at the above captioned address.

3. Upon information and belief, Pencoyd Iron Works, Inc. is an iron and steel foundry

located at 4 School Lane, Folcroft, PA 19032.

4. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment. In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

5. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer. In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

6. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

7. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

8. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

9. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's

original jurisdiction that they form part of the same case or controversy.

10. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because some of the Plaintiff is domiciled in this judicial district, the Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

12. Plaintiff exhausted his administrative remedies under the ADEA and the ADA.

13. Plaintiff timely filed a Complaint of Discrimination ("Complaint") with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging age and disability discrimination against Defendant.

14. The Complaint was assigned the Charge Number 530-2018-02515 and was dual filed with the Pennsylvania Human Relations Commission ("PHRC").

15. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") relative to the Charge and that Notice is dated June 28, 2018. Plaintiff received the notice by mail.

16. Prior to the filing of this action, Plaintiff notified the EEOC of his intent to proceed with a lawsuit in federal court.

17. Plaintiff files the instant Complaint within ninety (90) days of his receipt of his Right to Sue in this matter.

18. Plaintiff has exhausted his administrative remedies as to the allegations of this Complaint.

## MATERIAL FACTS

19. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

20. On February 29, 2016, Defendant hired Plaintiff as a Plant Manager.

21. Plaintiff was qualified for the position and performed well.

22. On May 6, 2017, Plaintiff's left foot became incredibly swollen and he was unable to walk on it.

23. On May 8, 2017, Plaintiff was forced to call out of work due to the swelling in his left foot and went to his Primary Care Physician, Dr. Michael J. Gagliardo, for treatment.

24. Upon examining Plaintiff, Dr. Gagliardo instructed Plaintiff to immediately report to Delaware Valley Memorial Hospital for treatment.

25. Plaintiff followed Dr. Gagliardo's instructions and was admitted to Delaware Valley Memorial Hospital for treatment.

26. Plaintiff notified James Heldring, Owner, via text message that he had been admitted to Delaware Valley Memorial Hospital.

27. Plaintiff was diagnosed with deep vein thrombosis in his left leg. Deep vein thrombosis refers to a serious blood clot that occurs deep in the veins, and restricts the flow of blood to the area. Deep vein thrombosis is especially dangerous because the blood clot can break loose and become stuck in various parts of the body, including the brain, lungs, and heart, causing an embolism.

28. As a result of his deep vein thrombosis, Plaintiff was substantially limited in the major life activities of walking and overall mobility.

29. Plaintiff was prescribed injectible blood thinners to be taken twice a day for six (6) weeks and Eliquis twice a day for six (6) months.

30. Plaintiff was released from the hospital on May 10, 2017.

31. That same day, Plaintiff returned to see Dr. Gagliardo who wrote Plaintiff a note to stay out of work until May 15, 2017 and then to work only half-days for 20 days.

32. Plaintiff continued to notify Mr. Heldring of his status while he was out of work.

33. On May 15, 2017, Plaintiff returned to work at Defendant and gave Dr. Gagliardo's note requesting the reasonable accommodation of working half-days for the next 20 days to Mr. Heldring.

34. Plaintiff was qualified to perform his position with a reasonable accommodation of working half-days for 20 days.

35. Plaintiff worked half-days at Defendant from May 15 to May 29, 2017.

36. On May 30, 2017, Plaintiff returned to working full-days at Defendant.

37. That same day at the end of Plaintiff's shift, Mr. Heldring called Plaintiff into the office with Mike Morrison, Project Manager, and terminated Plaintiff.

38. Mr. Heldring cited alleged performance deficiencies that had not been told to Plaintiff and also referenced Plaintiff's current medical condition.

39. Upon information and belief, Eric LNU (30's) replaced Plaintiff as Plant Manager.

## COUNT I – AGE DISCRIMINATION
## AGE DISCRIMINATION IN EMPLOYMENT ACT

40. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

41. Plaintiff was born on September 30, 1962.

42. Plaintiff was qualified to perform the job.

43. Defendant terminated Plaintiff.

44. Defendant treated younger employees more favorably than Plaintiff.

45. Defendant replaced Plaintiff with a younger employee.

46. Defendant has no legitimate non-discriminatory reason for its actions.

47. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

### COUNT II – AGE DISCRIMINATION
### PENNSYLVANIA HUMAN RELATIONS ACT

48. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

49. Plaintiff was born on September 30, 1962.

50. Plaintiff was qualified to perform the job.

51. Defendant terminated Plaintiff.

52. Defendant treated younger employees more favorably than Plaintiff.

53. Defendant replaced Plaintiff with a younger employee.

54. Defendant has no legitimate non-discriminatory reason for its actions.

55. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

### COUNT III – DISABILITY DISCRIMINATION
### AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED

56. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

57. Plaintiff is a "qualified individual with a disability" as that term is defined under the ADA because Plaintiff has, or had at all time relevant hereto, a disability that substantially limits or limited one or more major life activities or because Plaintiff had a

record of such an impairment or because Plaintiff was regarded as and/or perceived by Defendant and its agents as being disabled.

58. Plaintiff was subject to adverse employment actions, including, but not limited to, termination.

59. Circumstances indicate that Plaintiff's disabilities were the reason for the adverse employment action.

60. Defendant did not have a legitimate non-discriminatory reason for terminating Plaintiff.

61. Plaintiff's disabilities motivated Defendant's decision to terminate Plaintiff.

62. The purported reason for Defendant's decision is pretextual.

63. Others similarly situated but outside of Plaintiff's protected class were treated more favorably.

64. The above actions by Defendant also constitute a failure to accommodate and a failure to engage in the required interactive process.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

### COUNT IV – DISABILITY DISCRIMINATION
### PENNSYLVANIA HUMAN RELATIONS ACT

65. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

66. Plaintiff is a "qualified individual with a disability" as that term is defined under the Pennsylvania Human Relations Act because Plaintiff has, or had at all time relevant hereto, a disability that substantially limits or limited one or more major life activities or because Plaintiff had a record of such an impairment or because Plaintiff was regarded as and/or perceived by Defendant and its agents as being disabled.

67. Plaintiff was subject to adverse employment actions, including, but not limited to,

7

termination.

68. Circumstances indicate that Plaintiff's disabilities were the reason for the adverse employment action.

69. Defendant did not have a legitimate non-discriminatory reason for terminating Plaintiff.

70. Plaintiff's disabilities motivated Defendant's decision to terminate Plaintiff.

71. The purported reason for Defendant's decision is pretextual.

72. Others similarly situated but outside of Plaintiff's protected class were treated more favorably.

73. The above actions by Defendant also constitute a failure to accommodate and a failure to engage in the required interactive process.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT V – RETALIATION
## AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED

74. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

75. Plaintiff engaged in activity protected by the ADA.

76. Plaintiff requested a reasonable accommodation in the form of a brief medical leave of absence and then working half-days for 20 days.

77. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

78. There exists a causal connection between Plaintiff's participation of the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT V – RETALIATION
## PENNSYLVANIA HUMAN RELATIONS ACT

79. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

80. Plaintiff engaged in activity protected by the PHRA.

81. Plaintiff requested a reasonable in the form of a brief medical leave of absence and then working half-days for 20 days.

82. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

83. There exists a causal connection between Plaintiff's participation of the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Stephen Jones, requests that the Court grant him the following relief against Defendant:

(a) Compensatory damages;

(b) Punitive damages;

(c) Emotional pain and suffering;

(d) Reasonable attorneys' fees;

(e) Recoverable costs;

(f) Pre and post judgment interest;

(g) An allowance to compensate for negative tax consequences;

(h) A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with it, from engaging in, ratifying, or refusing to correct,

employment practices which discriminate in violation of the ADEA, the ADA and the PHRA.

(i) Order Defendant to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(j) Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(k) Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

RESPECTFULLY SUBMITTED,

KOLLER LAW, LLC

Date: September 26, 2018  By: _____
David M. Koller, Esquire
Sarah R. Lavelle, Esquire
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
215-545-8917
davidk@kollerlawfirm.com
slavelle@kollerlawfirm.com
*Counsel for Plaintiff*