# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEPHEN JONES, *Plaintiff*, v. PENCOYD IRON WORKS, INC., *Defendant*. | Case No. 2:18-CV-04157-JDW |

## MEMORANDUM

Stephen Jones has moved for summary judgment on a counterclaim from Pencoyd Iron Works, Inc. asserting claims under a Pennsylvania statute, 42 Pa.C.S.A. § 2503(9), that prohibits attorneys from acting in a manner that is arbitrary, vexatious, or in bad faith. The Parties' briefs spar over whether the facts in the record support such a claim. The Court, however, raised a question of whether Section 2503(9) applies in matters pending in federal court. Having given the parties a chance to be heard on the issue, the Court concludes that it does not.

## I.   FACTUAL BACKGROUND

On September 26, 2018, Mr. Jones filed this action, asserting claims of age discrimination, disability discrimination, and retaliation under both federal and Pennsylvania law. He did so after filing a complaint with the U.S. Equal Employment Opportunity Commission, which was cross-filed with the Pennsylvania Human Relations Commission. (ECF No. 18-1 at Ex. A.) The EEOC issued a dismissal and a right-to-sue letter on June 28, 2018. (*Id.* at Ex. B.)

On January 9, 2019, Pencoyd answered and asserted a counterclaim. (ECF No. 4.) In the Counterclaim, Pencoyd asserts that Mr. Jones initiated this case without sufficient factual basis and for the sole purpose of harassment, abuse, and to impose financial hardship on Pencoyd. On

October 1, 2019, Mr. Jones filed a Motion for summary judgment directed at Pencoyd's counterclaim, arguing that there are no facts demonstrating that Mr. Jones acted vexatiously or in bad faith. On December 5, 2019, the Court gave the Parties the opportunity to submit supplemental briefs addressing the question of whether Section 2503(9) applies in federal court. (ECF No. 23.) Each party has responded.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 56(a) permits a party to seek, and a court to enter, summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In ruling on a summary judgment motion, a court must "view the facts and draw reasonable inferences 'in the light most favorable to the party opposing the [summary judgment] motion.'" *Scott v. Harris*, 550 U.S. 372, 378 (2007) (quotation omitted). However, "[t]he non-moving party may not merely deny the allegations in the moving party's pleadings; instead he must show where in the record there exists a genuine dispute over a material fact." *Doe v. Abington Friends Sch.*, 480 F.3d 252, 256 (3d Cir. 2007) (citation omitted). The movant is entitled to judgment as a matter of law when the non-moving party fails to make such a showing. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Rule 56(f) provides that a court may "grant the motion on grounds not raised by a party" after "giving notice and a reasonable time to respond . . . ." Fed. R. Civ. P. 56(f).

## III. ANALYSIS

### A. Applicability of Section 2503 in Federal Court

Section 2503(9) provides that any "participant who is awarded counsel fees because the conduct of another party in commencing the matter or otherwise was arbitrary, vexatious, or in bad faith" shall be "entitled to a reasonable counsel fee as part of the taxable costs of the matter."

42 Pa.C.S.A. § 2503(9). This provision does not apply to actions brought in federal court, for at least two reasons.

*First*, the statutory language demonstrates that Section 2503 applies only in Pennsylvania state court, not in federal court. Section 2503 is part of Pennsylvania's Judicial Code. Pennsylvania law provides that the Judicial Code "shall be construed so as to vest in the **unified judicial system** … power to do all things that are reasonably necessary for the proper execution and administration of their functions within the scope of their respective jurisdiction." 42 Pa.C.S.A. § 103(a) (emphasis added). Pennsylvania courts have emphasized that Section 2503 applies only to matters "before a court of the unified judicial system of [the] Commonwealth." *Com., Dept. of Transp. v. Smith*, 602 A.2d 499, 502 (Pa. Cmwlth. Ct. 1992); *see also Duquesne Light Co. v. Pa. Pub. Util. Comm'n*, 543 A.2d 196, 201 (Pa. Cmwlth Ct. 1988). Given this language, several federal courts have held that Section 2503 does not apply in federal court. *See, e.g.*, *Beinlich v. Chief Exploration & Development LLC*, Civ. A. No. 4:11-cv-00579, 2011 WL 2457819, at * 1 (M.D.Pa. June 20, 2011); *Bethlehem Area School Dist. v. Zhou*, Civ. A. No. 09-03493, 2010 WL 2928005, at * 5 (E.D.Pa. July 23, 2010); *Reitz v. Dieter*, 840 F. Supp. 353, 355 (E.D.Pa. 1993); *cf. Harris v. Coleman*, 863 F. Supp.2d 336, 345 (S.D.N.Y. 2012) (New York statute governing vexatious litigation not applicable in federal court).

These decisions make sense as a matter of comity and federalism. Pennsylvania has an interest in regulating the conduct of lawyers and parties in its courts. It does not have the same interest in regulating the conduct of lawyers and parties in federal courts—even the federal courts that sit within its territorial limits. Instead, Congress has an interest in regulating, and has taken steps to regulate, the conduct of lawyers and parties in federal courts. *See, e.g.,* Fed. R. Civ. P. 11; 28 U.S.C. § 1927.

3

*Second*, Section 2503(9) does not apply in federal court because it is a procedural rule, not a substantive one. When sitting in diversity jurisdiction (or supplemental jurisdiction), federal courts apply state substantive law and federal procedural law. *See Hanna v. Plumer*, 380 U.S. 460, 466 (1965). In general, procedural rules regulate the "judicial process for enforcing rights and duties recognized by substantive law and for justly administering remedy and redress for disregard or infraction of them." *Shady Grove Orthopedic Assocs. v. Allstate Ins. Co.*, 559 U.S. 393, 407 (2010) (quote omitted). Attorneys' fees statutes can be substantive or procedural. Substantive fees are those which are tied to the outcome of the litigation, whereas procedural fees generally arise from a litigant's bad faith conduct in litigation. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 52-54 (1991). That is, if a fee-shifting statute governs only the "manner and means" by which the litigants' rights are enforced, then the rule is procedural. *Shady Grove*, 559 U.S. at 407.

Here, Section 2503(9) is a procedural rule, not a substantive one. It does not change or create substantive rights. Instead, it focuses only on the manner and means by which attorneys in Pennsylvania courts conduct themselves and seek to enforce other rights or duties. Moreover, Section 2503(9) is at odds with Federal Rule of Civil Procedure 11, at least to the extent that Rule 11 includes a safe harbor provision. In general, federal courts must apply the Federal Rules of Civil Procedure unless a particular rule violates either the Rules Enabling Act or the Constitution. *See Hanna*, 380 U.S. at 471. The Court concludes that Section 2503(9) does not apply in federal court. Therefore, the Court will enter summary judgment on Pencoyd's claim under that provision.

B.  **Request to Amend**

In response to the Court's Order on this issue, Pencoyd asks for leave to amend its Counterclaim to assert a claim under the relevant federal provision. However, there is no federal provision that creates a cause of action for Pencoyd to assert. If Pencoyd thinks it has a basis to

4

seek sanctions under Rule 11, it can do so by following the procedures set out in that Rule. Similarly, if Pencoyd thinks it can demonstrate conduct that violates 28 U.S.C. § 1927, it can file an appropriate motion. However, Section 1927 does not create an independent cause of action. *See Raymark Indus., Inc. v. Baron*, No. CIV. 96-7625, 1997 WL 359333, at * 7 (E.D.Pa. June 23, 1997).

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Jones' Motion for Summary Judgment as to Pencoyd's counterclaim. An appropriate Order follows.

                                  **BY THE COURT:**

                                */s/ Joshua D. Wolson*
                                JOSHUA D. WOLSON, J.

Dated: December 13, 2019